# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN A. HUDSON, JR.,** : | CIVIL NO. 1:11-CV-02111 |
| **Plaintiff** : | **(Judge Rambo)** |
| v. : | |
| **ADMINISTRATION OF SCI-DALLAS,** : | |
| **Defendant** : | |

## M E M O R A N D U M

Plaintiff John A. Hudson, Jr., an inmate confined at the State Correctional Institution in Dallas ("SCI-Dallas"), Pennsylvania, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on November 10, 2011, as amended December 1, 2011. (Doc. 7.)  In the amended complaint, Plaintiff makes discusses several grievances regarding conditions at SCI-Dallas.  Plaintiff also has been granted leave to proceed *in forma pauperis*, and thus the amended complaint is presently before the court for preliminary screening pursuant to 28 U.S.C. § 1915.  For the reasons that follow, the court will direct service of the amended complaint.

## I.  **Background**

Initially, the court notes that by order dated November 16, 2011, the court dismissed Plaintiff's originally-filed complaint for failure to comply with the Federal

Rules of Civil Procedure.  (*See* Doc. 5.)  Specifically, the court noted that Plaintiff failed to set forth any allegations against the named Defendant, "Administration of SCI-Dallas."  However, the court afforded Plaintiff the opportunity to amend his complaint.  Plaintiff filed an amended complaint on December 1, 2011, with the exact language of his originally-filed complaint, but added one statement to subsection one.  (*See* Docs. 1, 7.)  The claims in the amended complaint, set forth in their entirety, are as follows:

> 1.  There's no cameras on any of these Blocks to verify any facts or claims of any wrong doings to support any & all legal venues.  9/22/11, I was robbed of all my commissary & C.O.'s didn't do anything about the situation.  The C.O.'s do not have any name tags on their uniforms and I even wrote Superintendent Walsh and told him that his C.O.'s do not have any name tags, which required by Federal requirements.
>
> 2.  10/1/11, at shower time I was pushed by someone & they almost pushed me down the steps, I did not see who it was, but someone said stop messing with the guards.  10/20/11, two inmates came in to my cell & beat me up.  I reported it to C.O. & nothing was done or said.
>
> 3.  I am in fear for my safety & well being within this Institution, & now other inmates for whom are trying to extort me for my money & commissary.  I had filed several request slips to the Administration saying that I was having problems on F-Block with the inmates.

(Doc. 7 at 2, 4.)

**II.    Discussion**

Pursuant to 28 U.S.C. § 1915(e)(2), a court shall review a complaint in a civil action and dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A district court may determine that process should not be issued if the complaint presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990) (quoting *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990)).

In the amended complaint, Plaintiff sets forth factual allegations as to the following three incidents: (1) on September 22, 2011, he was robbed of his commissary items; (2) on October 1, 2011, an unidentified person pushed him and threatened him verbally; and (3) on October 20, 2011, two inmates entered his cell and beat him up. (Doc. 7 at 2.) He also claims that inmates are now trying to "extort me for my money & commissary." (*Id.*) Reading the complaint liberally, these allegations do not relate to any state official, rather to Plaintiff's fellow inmates.

3

However, the heart of Plaintiff's allegations appears to be that unnamed corrections officers and other administration staff at SCI-Dallas failed to protect him from other inmates.[1]  (*Id*.)  Accordingly, the court will direct service of the amended complaint.

An appropriate order will issue.

                 s/Sylvia H. Rambo
                 United States District Judge

Dated:  January 6, 2012.

---

[1] The court will construe Plaintiff's amended complaint as naming "John Doe C.O.'s."

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN A. HUDSON, JR.,** | : | **CIVIL NO. 1:11-CV-02111** |
| | : | |
| **Plaintiff** | : | **(Judge Rambo)** |
| | : | |
| v. | : | |
| | : | |
| **ADMINISTRATION OF SCI-DALLAS,** | : | |
| | : | |
| **Defendant** | : | |

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The Clerk of Court is directed to add as Defendant "John Doe C.O.'s."

2) The United States Marshal is directed to serve Plaintiff's amended complaint (Doc. 7) on the Defendants named therein.

                                         s/Sylvia H. Rambo
                                         United States District Judge

Dated:  January 6, 2012.